**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:17-CR-93 |
| | § | |
| TERRY ALAN DILL, JR. (1), | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Terry Alan Dill, Jr.'s ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 4, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson of the Federal Public Defender's Office, Frank Henderson. The Government was represented by Matt Johnson.

Defendant was sentenced on January 18, 2018, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of IV, was 24 to 30 months. Defendant was subsequently sentenced to 30 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug treatment and testing, and a $100 special assessment. On April 23, 2019, Defendant completed his period of imprisonment and began service of the supervision term. On July 9, 2020, jurisdiction of this case was transferred

REPORT AND RECOMMENDATION – Page 1

to the Eastern District of Texas, Sherman Division, and assigned to The Honorable Amos L. Mazzant, III.

On July 16, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 41, Sealed]. The Petition asserted that Defendant violated six (6) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; (2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (3) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer with 72 hours of becoming aware of the change or expected change; (4) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; (5) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours; and (6) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the

treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing. [Dkt. 41 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) [Defendant] was arrested by Dallas Police Department on May 28, 2020 for the offense of Public Intoxication, C Misdemeanor. Incidents reports from Dallas PD. # 094648-2020 Public Intoxication; #094673-2020 - Found Property LG Cell Phone (no offense), #094671-2020 – Found Property (Baggie of Unknown Substance Possibly Heroin and Needles (no offense). The report indicates the police officers responded to a call and found [Defendant] lying face down on the sidewalk. A small black handgun, which turned out to be an airsoft gun, was found between [Defendant's] legs. [Defendant] had bloodshot eyes, slurred speech and breath smelled of alcohol. When the officer assisted him to stand up, he had unsteady balance and stumbled toward the street which led to [Defendant] being arrested for Public Intoxication. When [Defendant] was searched a baggie containing a black substance which appeared to be heroin was found in his pocket. The substance was forwarded to the laboratory for testing. A cell phone was located on the ground near [Defendant] and his backpack contained multiple hand tools commonly used for burglaries. As of this writing, no additional charges have been filed. [Defendant] was released from jail and he is scheduled for his initial arraignment hearing for the Public Intoxication offense at the City of Dallas Municipal Court on July 28, 2020; (2) [Defendant] failed to submit monthly supervision reports for the months of May and June 2020, as instructed; (3) During an unannounced home visit on August 9, 2019, this officer was informed by the house manager that [Defendant] had been evicted from the sober living residence, Oxford House, two weeks prior, due to returning to the residence under the influence of a substance which was a violation of house rules. [Defendant] failed to notify this officer within 72 hours of becoming aware of his change of residence. When

he was questioned on August 15, 2019, [Defendant] reported he returned to the Oxford House after curfew and he blew a positive alcohol test. [Defendant] reported he had consumed alcohol but denied being intoxicated. He reported, since his eviction, he had been staying at the Econo Lodge Hotel; (4) On April 27, 2020, [Defendant] reported he quit his job at Del Monte on April 3, 2020. He failed to notify the probation office at least 10 days before the change or within 72 hours of becoming aware of the change; (5) [Defendant] has failed to report being arrested by Dallas Police Department on May 28, 2020 for the Public Intoxication offense; and (6) [Defendant] has failed to participate in substance abuse treatment at Fletcher Counseling, Plano, TX during the months of April, May and June 2020 as directed. [Dkt. 41 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 2 of the Petition. The Government dismissed the remaining allegations. Having considered the Petition and the plea of true to allegation 2, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, specifically the El Reno camp, if appropriate.

**SIGNED this 1st day of March, 2021.**

REPORT AND RECOMMENDATION – Page 4

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE